# In the United States Court of Federal Claims
## Office of Special Masters
Filed: May 2, 2022

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* | | |
| THOMAS JOSEPH GRANDINETTI, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 19-1763V |
| | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Attorneys' Fees and Costs |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Matthew F. Belanger,* Faraci Lange, LLP, Rochester, NY, for petitioner.
*Kyle Pozza,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 1, 2022, Thomas Joseph Grandinetti ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 52). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of $12,886.94.

**I.     Procedural History**

On November 15, 2019, Petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner originally filed his petition pro se, and on March 12, 2020, Mr. Matthew F. Belanger moved to be substituted as petitioner's attorney of record and it was granted the same day. (ECF No. 16). On June 19, 2020, petitioner

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

filed an amended petition. Amended Petition (ECF No. 26). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving the influenza ("flu") on September 18, 2017. *Id*. On January 19, 2022, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF Nos. 46-47).

On March 1, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation for his attorneys in the total amount of $12,886.94 representing $12,405.50 in attorneys' fees, and $481.44 in attorneys' costs. Fees App. at 1. Respondent reacted to the fees motion on March 8, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 1 (ECF No. 53). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates for his counsel, Mr. Matthew F. Belanger: $375.00 per hour for work performed in 2020, 2021, and 2022, as well as on paralegal, Ms. Christine L. Norton at a rate of $110.00.  Mr. Belanger's requested rates for 2020, 2021, and 2022 are consistent with what he has previously been awarded for those years. *See Hecht v. Sec'y of Health & Human Servs.*, No. 19-387V, 2021 WL 3399819, at *2 (Fed. Cl. June 29, 2021); *Cundra v. Sec'y of Health & Hum. Servs.,* No. 19-267V, 2021 WL 1120979, at *2 (Fed. Cl. Feb. 26, 2021). I have reviewed the requested rates and find them to be in conformance with what has been previously awarded for their work by myself and other special masters. Accordingly, no adjustment to the requested rate is necessary.

Upon review of the submitted billing statement, I find the overall hours spent on this matter (34) appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and I upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $481.44. The majority of this amount is for the Court of Federal Claims filing fee, as well as document services and medical records request. Fees App, Ex. C at 1. Petitioner has provided adequate documentation for these costs and all appear to be reasonable in my experience.  Accordingly, Petitioner is entitled to the full amount of costs sought.

## III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that petitioner is entitled to the full reimbursement of attorneys' fees and costs.

**Accordingly, I award the following:**

1) **A lump sum in the amount of $12,886.94 (representing $12,405.50 in attorneys' fees and $481.44 in attorneys' costs), in the form of a check payable to petitioner and his attorney, Mr. Matthew F. Belanger.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).